UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOVAN STINNETT,

    Petitioner,

    v.                             CAUSE NO. 3:22-CV-616-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jovan Stinnett, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (STP-22-2-04) at the Heritage Trail Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery on staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of two thousand days earned credit time and a two-step demotion in credit class.

Stinnett argues that he is entitled to habeas relief because the conduct report and the video recording summary did not mention that the sergeant used mace on him, and Stinnett believes that this omission was unfair. It appears that Stinnett is arguing that the use of mace was a material fact that should have been disclosed to him. "[A]n inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings unless such disclosure would unduly threaten institutional concerns." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

To start, the administrative record contains a video recording summary that indicates that, after Stinnett punched the sergeant, the sergeant "remove[d] his OC from his holster and [Stinnett} then stops striking and flees from the immediate area." ECF 10-8. The video recording summary thus mentions that the sergeant used mace on Stinnett. Further, even if the administrative record did not mention the use of mace, it is unclear how this fact is material or exculpatory. The use of mace does not undermine the evidence that Stinnett punched the sergeant. The disciplinary policy also does not allow inmates to assert self-defense as a defense to disciplinary charges (ECF 10-11; ECF 10-12), and, even if it did, the video recording (ECF 15) shows that Stinnett punched the sergeant before the sergeant used or threatened to use force against him. Therefore, this claim is not a basis for habeas relief.

Stinnett argues that he is entitled to habeas relief because he did not receive an opportunity to review the conduct report. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The Warden concedes that Stinnett did not receive a copy of the conduct report prior to the hearing, but, according to Stinnett on administrative appeal, the screening officer notified him of the charges by reading the conduct report to him. ECF 10-8. Further, the administrative record reflects that Stinnett received a copy of the video recording summary, which substantially resembled the fact allegations in the conduct report. ECF 10-1; ECF 10-8. Additionally, Stinnett does not explain how the lack of conduct report prejudiced him. To the

2

contrary, it appears that Stinnett fully understood the charges against him. The record reflects that, at screening, Stinnett requested the video recording where the incident occurred and that, at the hearing, he said that he was not guilty of battery because he felt scared and threatened by the sergeant. ECF 10-2; ECF 10-7. Therefore, this claim is not a basis for habeas relief.

Stinnett argues that he is entitled to habeas relief because he did not receive an opportunity to review the evidence used against him. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Prison officials may also prevent an inmate from reviewing material, exculpatory evidence if its disclosure would present a risk to the security of the facility and the safety of those within it. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003); *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981).

Stinnett does not identify which articles of evidence he was not allowed to review. The evidence in the administrative record consists of the conduct report, the video recording summary, the video recording itself, and photographs of the sergeant's injuries. As detailed above, Stinnett received a copy of the video recording summary, and the failure to provide him with the conduct report amounted to harmless error. According to the video recording summary, correctional staff did not permit Stinnett to

3

review the video recording because it would have allowed him "to learn the limits and capabilities of the facility cameras," which would have posed a risk to the safety and security of the correctional facility. ECF 10-8. The Warden has also explained that departmental policy does not allow inmates to possess images of their victims because they could be used as trophies or as means of intimidation, extortion, or harassment. ECF 11. Because correctional staff had a reasonable basis for denying Stinnett an opportunity to review the evidence, this claim is not a basis for habeas relief.

Stinnett argues that the sanctions imposed were excessive. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). According to departmental policy, inmates found guilty of battery on staff may be sanctioned with up to the loss of the entire balance of their earned credit time and a three-step demotion in credit class. ECF 10-12 at 39-42. Because Stinnett's sanctions were within the parameters set forth by departmental policy, they are not a basis for habeas relief.

Finally, Stinnett filed a motion to subpoena two witnesses who would testify that he did not receive paperwork prior to the hearing and that "[his] sanctions were made known before [his] hearing." However, the anticipated testimony would not have altered the outcome of any of his habeas claims, As detailed above, the lack of an opportunity to review documents did not amount to a procedural due process violation. Further, awareness of his sanctions prior to the hearing is not relevant or material to any of Stinnett's habeas claims. Therefore, the motion for subpoenas is denied.

If Stinnett wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the motion for subpoenas (ECF 19);

(2) DENIES the habeas corpus petition (ECF 2);

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Jovan Stinnett leave to appeal in forma pauperis.

SO ORDERED on November 18, 2022

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge